UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO

YOANIS PIEDRA, CAMILO HERNANDEZ, and others similarly-situated,

    Plaintiffs,

vs.

TRANSPORTE EL SOL DE AMERICA, CORP., a Florida corporation, PATRICIA LAYA individually and JOSE M. GUZMAN, individually,

    Defendants.

_____/

# COMPLAINT

COME NOW Plaintiffs, YOANIS PIEDRA and CAMILO HERNANDEZ, by and through their undersigned attorney, hereby sue Defendants, TRANSPORTE EL SOL DE AMERICA, CORP., PATRICIA LAYA and JOSE M. GUZMAN, individually (hereinafter collectively referred to as "the Employer," except when referred to individually), and allege:

## JURISDICTIONAL ALLEGATIONS AND VENUE

1. Plaintiffs seek to recover money damages for unpaid minimum wages. This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (§ 216 for jurisdictional placement) (the "FLSA") and for breach of employment contract. Plaintiff also seeks to recover damages for unlawful retaliatory termination of his employment in violation of 29 U.S.C. § 215(a)(3).

2. Plaintiffs are residents of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. The corporate Defendant, TRANSPORTE EL SOL DE AMERICA, CORP., is a Florida corporation, which at all times material hereto, was doing business in Miami-Dade County, Florida, where Plaintiffs were employed and at all times material hereto were and are engaged in interstate commerce.

4. The individual Defendants, PATRICIA LAYA and JOSE M. GUZMAN reside in Miami-Dade County, Florida.

5. This action is brought by Plaintiffs to recover from the Employer claims for unpaid minimum wage compensation, as well as an additional amount as liquidated damages, costs and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 206 and for breach of employment contract. Plaintiffs also brought this action to recover damages for unlawful retaliatory termination of their employment in violation of 29 U.S.C. § 215(a)(3).

6. FLSA coverage is triggered because the corporate Defendant is and, at all times pertinent to this Complaint, was engaged in interstate commerce. At all times pertinent to this Complaint, the Employer operates as an organization which sells and/or markets its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other States, and the Employer obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over State lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees. Upon information and belief, the annual gross revenue of the Employer was at all times material hereto in excess of $500,000.00 per annum, and two or more employees handled goods or materials that moved in the stream of commerce on a frequent and

recurrent basis, and/or Plaintiffs and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfies the FLSA's requirements. In particular, Plaintiffs were employed as truck drivers who engaged in interstate commerce because their job duties required them to transport goods and materials across state lines and throughout different states. Maria v. Ryan P. Relocator Co., 512 F. Supp. 2d 1249, 1257 (S.D. Fla. 2007).

7. Notwithstanding, the retaliatory provisions of the FLSA are triggered regardless of whether the corporate entity or the individual Defendants are engaged in commerce. Section 29 U.S.C. § 215(a)(3) protects "any person" who makes a formal or informal protected expression under the FLSA.

8. By reason of the foregoing, the Employer is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in 29 U.S.C. §§ 203(r) and 203(s) and/or Plaintiffs are within interstate commerce.

## PLAINTIFFS' EMPLOYMENT

### The FLSA Minimum Wage Claim as well as Failure to Make Prompt Payment and Failure to pay any Wages at all

9. Defendants employed Plaintiffs as drivers. Plaintiffs worked from approximately September 17, 2019 through November 1, 2019. Defendant is a transportation company. Plaintiffs were both truck drivers and they were paid at the rate of $00.60 per mile. Both Plaintiffs drove the same truck. One Plaintiff would drive while the other Plaintiff accompanied and/or slept on the sleeper berth of the truck. That wage was then divided in two and each Plaintiff would receive half of the total $00.60 per mile compensation.

10. Plaintiffs were engaged on a long-haul trip outside their home for the time period of October 24, 2019 through November 1, 2019. Established precedent requires that on such trips Plaintiffs be compensated a minimum of 16 hours a day. Julian v. Swift Transp. Co. Inc., 360 F.

Supp. 3d 932, 946 (D. Ariz. 2018).

11. Plaintiffs' wages were paid on a weekly basis through direct deposit, due on Fridays. The funds due to Plaintiffs would normally clear on Tuesday, the following week. The FLSA requires that wages be paid on the day that they are due. The failure to pay the required minimum wage of $8.46 per hour when due is a minimum wage violation because the employee is effectively paid $0.00 per hour for the particular week in question. The FLSA has a prompt payment requirement and the failure to pay on the due date constitutes a minimum wage violation triggering entitlement to liquidated damages under the FLSA.

12. Defendants refused to pay a wage to Plaintiffs for the period of October 24, through November 1, 2019.

## COUNT I
## CLAIM FOR MINIMUM WAGE VIOLATION
## AND PROMPT PAYMENT AGAINST
## TRANSPORTE EL SOL DE AMERICA, CORP.

13. Plaintiffs re-allege and re-aver paragraphs 1 through 12 as fully set forth herein.

14. The FLSA requires that the Employer pay Plaintiffs a required minimum wage per hour. The failure to *"promptly pay"* wages on the day that they were due constitutes a minimum wage violation under the FLSA triggering entitlement to liquidated or double minimum wage damages. *Olson v. Superior Pontiac-GMC, Inc.*, 765 F.2d 1570, 1579 (11th Cir. 1985), modified 776 F.2d 265 (11th Cir. 1985); see also *Biggs v. Wilson*, 1 F.3d 1537, 1530-40 (9th Cir. 1993). Defendant failed to pay a minimum wage and failed to timely pay Plaintiffs' wages on the due date and Plaintiffs are entitled to recover the required minimum wage in addition to liquidated damages of $8.46 per hour for every hour worked.

15. Defendant knew of and showed reckless disregard by failing to promptly pay Plaintiffs their wages. Defendant had knowledge of the requirement that employees be paid a wage.

Ignorance of the law is not an excuse. Defendant failed to keep adequate time records for hours that Plaintiffs worked. Defendant knew or should have known of the work performed by the Plaintiffs and of its obligation to timely pay Plaintiffs' wages, yet failed to do so. Defendant also misclassified Plaintiffs as a 1099 employee in order to avoid obligations due to Plaintiffs. Defendant failed to promptly pay wages when they became due. Defendant knew of the failure to *promptly* pay or pay Plaintiffs within a reasonable time after the wages were due to Plaintiffs. Plaintiffs are entitled to recover liquidated damages.

16.  The Employer remains owing Plaintiffs these minimum wages since the commencement of Plaintiffs' employment with Defendant as set forth above, and Plaintiffs are entitled to an equal amount as liquidated damages. On November 22, 2019, Defendants untimely transferred $569.00. This amount should be credited toward the minimum wage violation owed, but liquidated damages will still be owed on the entire minimum wage violation, as the payments were untimely.

17.  Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are entitled to recover a reasonable attorney's fee.

WHEREFORE, Plaintiffs request compensatory and liquidated damages and reasonable attorney's fees and costs from the corporate Defendant, jointly and severally with the individual Defendants, PATRICIA LAYA and JOSE M. GUZMAN, pursuant to the FLSA, to be proven at the time of trial, the minimum wage and liquidated damages due to Plaintiffs remain outstanding. In the event that Plaintiffs do not recover double damages, then Plaintiffs seek an award of prejudgment interest for the unpaid minimum wages, liquidated damages and attorney's fees, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT II
## INDIVIDUAL LIABILITY
## AGAINST PATRICIA LAYA

18. Plaintiffs re-allege and re-aver paragraphs 1 through 17 as fully set forth herein.

19. The individual Defendant, PATRICIA LAYA, is an FLSA employer, as defined in 29 U.S.C. § 203(d), as she had operational control over the Defendant corporation and additionally was directly involved in decisions affecting employee compensation and hours worked by employees, such as Plaintiffs. PATRICIA LAYA also has "some direct responsibility for the supervision of the employees." Moreover, the individual Defendant controlled the purse strings for the Defendant corporation as she had and exercised control over bank accounts and employee compensation.

20. As an FLSA employer, PATRICIA LAYA is liable to Plaintiffs, together with the corporate Defendant.

21. Defendant knew of and showed reckless disregard by failing to promptly pay Plaintiffs their wages. Defendant had knowledge of the requirement of the law. Defendant knew or should have known of the work performed by the Plaintiffs and of her obligation to timely pay Plaintiffs' wages. Defendant also misclassified Plaintiff as 1099 employees in order to avoid obligations due to Plaintiffs. Defendant failed to promptly pay wages when they became due. Defendant knew of the failure to *promptly* pay or pay Plaintiffs within a reasonable time after the wages were due to Plaintiffs. Defendant failed to keep accurate time records of the hours worked by Plaintiffs.

22. The Employer remains owing Plaintiffs these minimum wages since the commencement of Plaintiffs' employment with Defendant as set forth above, and Plaintiffs are entitled to an equal amount as liquidated damages.

23. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are entitled to recover a reasonable attorney's fee.

WHEREFORE, Plaintiffs request compensatory and liquidated damages and reasonable attorney's fees and costs from Defendant, PATRICIA LAYA, jointly and severally with the corporate Defendant, pursuant to the FLSA, to be proven at the time of trial, the minimum wage and liquidated damages due to Plaintiffs remain outstanding. In the event that Plaintiffs do not recover double damages, then Plaintiffs seek an award of prejudgment interest for the unpaid minimum wages, liquidated damages and attorney's fees, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT III
## INDIVIDUAL LIABLITY
## AGAINST JOSE M. GUZMAN

24. Plaintiffs re-allege and re-aver paragraphs 1 through 23 as fully set forth herein.

25. The individual Defendant, JOSE M. GUZMAN, is an FLSA employer, as defined in 29 U.S.C. § 203(d), as he had operational control over the Defendant corporation and additionally was directly involved in decisions affecting employee compensation and hours worked by employees, such as Plaintiffs. JOSE M. GUZMAN also has "some direct responsibility for the supervision of the employees." Moreover, the individual Defendant controlled the purse strings for the Defendant corporation as he had and exercised control over bank accounts and employee compensation.

26. As an FLSA employer, JOSE M. GUZMAN is liable to Plaintiffs, together with the corporate Defendant.

27. Defendant knew of and showed reckless disregard by failing to promptly pay Plaintiffs their wages. Defendant had knowledge of the requirement of the law. Defendant knew

or should have known of the work performed by the Plaintiffs and of his obligation to timely pay Plaintiffs' wages. Defendant also misclassified Plaintiffs as 1099 employees in order to avoid obligations due to Plaintiffs. Defendant failed to promptly pay wages when they became due. Defendant knew of the failure to *promptly* pay or pay Plaintiffs within a reasonable time after the wages were due to Plaintiffs. Defendant failed to keep accurate time records of the hours worked by Plaintiffs.

28.   The Employer remains owing Plaintiffs these minimum wages since the commencement of Plaintiffs' employment with Defendant as set forth above, and Plaintiffs are entitled to an equal amount as liquidated damages.

29.   Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and are entitled to recover a reasonable attorney's fee.

WHEREFORE, Plaintiffs request compensatory and liquidated damages and reasonable attorney's fees and costs from Defendant, JOSE M. GUZMAN, jointly and severally with the corporate Defendant, pursuant to the FLSA, to be proven at the time of trial, the minimum wage and liquidated damages due to Plaintiffs remain outstanding. In the event that Plaintiffs do not recover double damages, then Plaintiffs seek an award of prejudgment interest for the unpaid minimum wages, liquidated damages and attorney's fees, and any and all other relief which this Court deems reasonable under the circumstances.

### COUNT IV
### RETALIATION, 29 U.S.C. § 215(a)(3), THE CORPORATE DEFENDANT AS WELL AS AGAINST GUZMAN

30.   Plaintiffs re-allege and re-aver paragraphs 1-8 as fully set forth herein.

31.   Plaintiffs worked for Defendants as drivers. Plaintiffs worked outside their homes on a long-haul trip from October 24, 2019 through November 1, 2019.  When their wages became

due, Defendant GUZMAN refused to pay Plaintiffs their wages when they became due. Plaintiffs made a protected expression when they demanded their due wages and complained about Defendants illegal refusal to pay their wages. Consequently, Defendants unlawfully retaliated by terminating Plaintiffs' employment.

32. Florida Minimum Wage requires an Employer to pay its Employees a rate not less than $8.46 per hour from January 1, 2019 through the present.

33. Plaintiffs were unlawfully terminated on or about November 1, 2019, after they engaged in an activity protected by the FLSA.

34. Defendants unlawfully terminated Plaintiffs. Plaintiffs suffered an adverse employment action as a result of their complaint demanding the pay required by law. Plaintiffs' employment termination was in retaliation for making a protected expression (i.e., demanding the wages demanded by law and Plaintiffs had reasonable good faith belief that they were making a demand for the pay required by law).

35. As a result of the unlawful termination, Plaintiffs are entitled to recover, back pay, lost wages, front pay, emotional damages as well as all other damages allowed by law.

36. Defendants violated 29 U.S.C. § 215(a)(3) of the FLSA; and showed reckless disregard for the provisions of the FLSA in retaliating against Plaintiffs for demanding unpaid minimum wage damages. The violation was willful or in reckless disregard of the FLSA which prohibits retaliatory action when an employee makes a protected expression.

37. By reason of the foregoing acts of the Employer, Plaintiffs have suffered damages, including lost income, benefits and employer contributions. Plaintiffs are entitled to recover liquidated damages (double damages) pursuant to the Statute.

38. The violations were intentional and with reckless disregard for the law because Defendants knew or should have known that Plaintiffs were entitled to be paid the required minimum wage and terminated Plaintiffs in retaliation for their valid claim.

39. Plaintiffs are entitled to recover costs and reasonable attorney's fees pursuant to the FLSA, 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs demand judgment against the corporate Defendant as well as GUZMAN, jointly and severally, for violation of 29 U.S.C. § 215(a)(3), including all damages allowed by the FLSA for retaliatory acts by the employer, including, back pay, liquidated damages, emotional damages, reasonable attorney's fees and costs of suit, and for all proper relief including pre-judgment interest.

## COUNT V
## BREACH OF EMPLOYMENT, CORPORATE DEFENDANT FAILURE TO PAY THE WAGE DUE TO PLAINTIFFS

40. Plaintiffs re-allege and re-aver paragraphs 1-8 as fully set forth herein.

41. Defendant is a transportation company. Defendant employed Plaintiffs as drivers. Plaintiffs worked from approximately September 17, 2019 through November 1, 2019.

42. The parties reached a mutual consent as to the terms of the oral employment agreement. Plaintiffs were both truck drivers and they were paid at the rate of $00.60 per mile. Both Plaintiffs drove the same truck. One Plaintiff would drive while the other Plaintiff accompanied and/or slept on the sleeper berth of the truck. Plaintiffs would report their hours and Defendants would pay them a total amount for all hours worked. That wage was then divided in two and each Plaintiff would receive half of the total $00.60 per mile compensation. Defendant refused to pay a wage to Plaintiffs for the period of October 24, through November 1, 2019.

43. Plaintiffs were engaged on a long-haul trip outside their home for the time period of October 24, 2019 through November 1, 2019. During that trip, they travelled a total of 6,691 miles and are each owed half of $4,014.20 (6,691 x $00.60 = $4,014.60), or $2,007.30. On November 22, 2019, Defendants untimely transferred $569.00 to Plaintiffs' bank account and remain owing each Plaintiff a balance of $1,438.30.

44. In addition, Plaintiffs incurred expenses and pursuant to the employment agreement, Defendant was required to make additional stops and were paid $25.00 per additional stop. During the trip, Plaintiffs made five additional stops and are owed an additional $125.00. Plaintiffs would also advance costs of the work and Defendant was required to reimburse them pursuant to the employment agreement. Plaintiffs advanced $35.00 in expenses and Defendants refuse to compensate them.

45. Plaintiffs have complied with all conditions precedent to filing this action.

46. Plaintiffs have retained the Law Offices of Eddy Marban and are obligated to pay a reasonable attorney's fee. Plaintiffs are entitled to recover reasonable attorney's fees pursuant to Florida Statute § 448.08.

WHEREFORE, Plaintiffs respectfully request that the court enter judgment against the Corporate Defendant awarding them damages for breach of the employment contract, together with prejudgment interests, attorney's fees and costs of this action, and any and all other relief which the Court deems just and equitable.

## JURY DEMAND

Plaintiffs demand trial by jury of all issues triable as of right by jury.

                                        THE LAW OFFICES OF
                                        EDDY O. MARBAN
                                        2655 S. LeJeune Road, Suite 804
                                        Coral Gables, Florida 33134
                                        Telephone (305) 448-9292
                                        Facsimile (786) 309-9978
                                        E-mail: em@eddymarbanlaw.com

                                        By: *s/Edilberto O. Marban*
                                            EDDY O. MARBAN, ESQ.
                                            Fl. Bar No. 435960