UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 19-24848-CIV-COOKE/GOODMAN

YOANIS PIEDRA, et al.,

    Plaintiffs,

v.

TRANSPORTE EL SOL DE AMERICA CORP., et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATIONS ON FLSA SETTLEMENT

United States District Judge Marcia G. Cooke referred the parties' joint motion for settlement approval to the Undersigned. [ECF Nos. 25; 26]. The Undersigned held a telephonic fairness hearing on March 26, 2021, during which the Undersigned heard from counsel regarding the fairness of the settlement of Plaintiff's claims alleging violations of the Fair Labor Standards Act ("FLSA"). [ECF No. 29].

In general, the minimum wage and overtime provisions of the FLSA[1] are mandatory and not subject to negotiation or bargaining between employers and employees. *See Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945). However, there are two ways employees may settle and waive a claim against their employer for unpaid minimum wages or overtime pay under the FLSA: (1) if the payment of unpaid minimum

---

[1]    29 U.S.C. § 201 *et seq.*

wage/overtime pay is supervised by the Secretary of Labor; or (2) in a private lawsuit brought by an employee, if the parties present the district court with a proposed settlement and the court enters an order approving the fairness of the settlement. 29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1353 (11th Cir. 1982); *see also Schulte, Inc. v. Gangi*, 328 U.S. 108 (1946).

An employee may settle and release FLSA claims against his employer without the supervision of the Secretary of Labor if all of the following conditions are met: (1) the settlement occurs in an adversarial context; (2) there are issues of FLSA coverage and/or computations actually in dispute; and (3) the district court enters an order approving the settlement after scrutinizing the fairness of the settlement. *Lynn's Food Stores*, 679 F.2d at 1354.

The Undersigned considered the factors outlined in *Lynn's Food Stores* and the strengths of the parties' cases; the factual positions of the parties; the existence (or lack thereof) of documents supporting or corroborating the parties' positions; the strengths and weaknesses in the parties' respective cases; and the parties' desire to resolve the dispute sooner, rather than later.

The Undersigned finds that the settlement here represents a genuine compromise of a bona fide dispute. Defendants, who have denied liability, have agreed to pay Plaintiffs more than they believe Plaintiffs are due under the law. The parties have agreed to settle as a result of reasonable strategic and financial considerations.

The Undersigned also reviewed Plaintiffs' counsel's billing records. [ECF No. 25-2]. Those records show that Plaintiff's counsel discounted his total fees and costs by approximately 33%. Therefore, the Undersigned finds that Plaintiff's counsel's fees are reasonable in light of his agreement to accept less than the fee total.

The Undersigned also finds that the settlement occurred in an adversarial context and that there are genuine coverage and computation issues in dispute. The Undersigned further finds that the settlement reached by the parties represents a reasonable compromise by both sides and is fair and reasonable.

Accordingly, the Undersigned **respectfully recommends** that Judge Cooke find that the parties' settlement agreement is fair and reasonable, approve the settlement, and **dismiss** this action with prejudice. The Undersigned also recommends that Judge Cooke reserve jurisdiction to enforce the terms of the parties' settlement, **close** the case, and **deny** all pending motions as moot.

## **OBJECTIONS**[2]

The parties shall have **one** calendar day from the date of this report to file written objections, if any, with the District Judge. Each party may file a response to the other party's objection within one calendar day from the date of the objection. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report, and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this report, except upon grounds of plain error and if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016).

**RESPECTFULLY RECOMMENDED** in Chambers at Miami, Florida, on March 29, 2021.

*[signature]*

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

**Copies furnished to:**
The Honorable Marcia G. Cooke
All counsel of record

---

[2] The time for objections and responses is being shortened because counsel stated during the fairness hearing that they did not have an objection to the Undersigned recommending that the settlement be approved and shortening the time to file objections to one day.